## CLASS ACTION PETITION FOR DAMAGES PLAINTIFFS MOTION AND INCORPORATED MEMO IN SUPPORT TO CERTIFY A CLASS ACTION

*PERKINS, NATHALAN - ET AL*

Vs.

*GOULDS PUMPS INDUSTRIAL PRODUCTS INC - ET AL*



Case: 000000127967
Division: G
21st Judicial District Court
Parish of Livingston
State of Louisiana

To: GOULDS PUMPS INDUSTRIAL PRODUCTS, INC. GOULDS PUMPS INC.
THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 44-B
BATON ROUGE LA 70808,   of EAST BATON ROUGE Parish

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.

WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON APRIL 6, 2010.

Clerk of Court
21st Judicial District
Parish of Livingston

_Deputy Clerk of Court_

*Attorney*
DONNA U. GRODNER
2223 QUAIL RUN, B-1
BATON ROUGE LA 70808

### Service Information

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

*Returned:*
Parish of _____ this _____ day of _____, 20___.

Service     $ _____
                                         By: _____
Mileage     $ _____                        *Deputy Sheriff*

Total       $ _____

**EXHIBIT A**

| NATHALAN PERKINS; | * | NO. 127967-G DIVISION |
| GILLIS JENKINS; AND | * | |
| ALL OTHER SIMILARLY | * | |
| SITUATED PERSONS | * | |
| | * | 21st JUDICIAL DISTRICT |
| v. | * | |
| | * | |
| GOULDS PUMPS INDUSTRIAL PRODUCTS, INC. | | |
| GOULDS PUMPS, INC. | * | LIVINGSTON PARISH |
| D/B/A COCO RESOURCES, INC. | * | |
| COCO RESOURCES, INC. | * | STATE OF LOUISIANA |

## CLASS ACTION PETITION FOR DAMAGES

Now into Court, through undersigned counsel, come plaintiffs, pursuant to La. C.C.P. art. 591, individually and on behalf of all other similarly situated persons, who respectfully represent that they and all other similarly situated persons have sustained compensable damages caused by the acts and omissions of Coco Resources for which Gould Pumps and/or Coco Resources is/are legally responsible, as follows:

1.

## PARTIES

### PLAINTIFFS CLASS REPRESENTATIVES

The plaintiffs are Nathalan Perkins and Gillis Jenkins, both majors domiciled in Denham Springs, Livingston Parish, Louisiana, who were present and resides/resided in the effected vicinage of Denham Springs on March 30, 2010, and who claim legally compensable damages arising out of the 2:00 p.m. fire/explosion/fire and resultant fire/explosion(s) at the Coco Resources and ITT Pro Services which caused legally compensable damages.

2.

Ms. Nathalan Perkins was traveling on Eden Church Road when the fire started and saw it. She also resides in Denham Springs and suffers from inhalation of noxious and/or hazardous fumes.

3.

Ms. Jenkins was forced to evacuate her home and has not been allowed to return home. She suffered inhalation symptoms and went to Lake After Hours, which could not offer much assistance since they had not been yet informed of the nature of the chemicals released. Whether sufficient medical care was rendered is unknown. The extent of property damage, vel non, are unknown.

4.

The full extent of damages is unknown.

5.

### THE PLAINTIFF CLASS

The proposed class consists of all persons who or which on March 30, 2010, were residents and/or property and/or business owners in the effected vicinity in Livingston Parish and who or which experienced fear and fright with property damages and/or physical discomfort and/or evacuation or other damages including damages to animals as a result of the fire at the Coco Resources and ITT Pro Services Facilities.

6.

A zone of danger may be defined after appropriate discovery and expert analysis.

7.

### DEFENDANTS

The defendant, GOULDS PUMPS INDUSTRIAL PRODUCTS, INC., is the owner of and/or exercises control over GOULDS PUMPS, INC., both of which are a Delaware corporation doing business at 30160 Eden Church Road, Denham Springs, Louisiana, as COCO RESOURCES, Inc., a Louisiana corporation, a subsidiary of GOULDS PUMPS, INC., and located in Livingston Parish, Louisiana, and which are amendable to service of process through CT Corporation System, 5615 Corporate Blvd, Ste. 400-B, Baton Rouge, La 70808 and/or through John Henry Coco, 14257 Addington, Baton Rouge, La. 70816.

8.

### COMMON FACTS

The Coco Resources facility is located in Denham Springs, Livingston Parish, Louisiana, on 30160 and/or 30172 Eden Church Road in a residential area.

9.

On or about March 30, 2010, workers at Coco Resources Facility were heating combustible materials that came into contact with an ignition source resulting in an initial small explosion and fire and/or a fire followed by explosions.

2

10.

The fire found other combustible materials and began burning uncontrolled. Small explosions followed.

11.

A large amount of chemicals including flammable liquids, corrosives, solvents, amines, nitrates and other unknown chemical substances were being stored in tanks, totes, drums, boxes and sacks that were on the property and in a warehouse located thereon and were burned in the fire releasing combustion products and/or by-products, waste, and hazardous or noxious chemicals into the atmosphere causing property damages and damages to persons and animals.

12.

The fire spread to ITT Pro Services, which caused a further release of noxious and/or hazardous fumes and/or combustion products and by-products.

13.

ITT Pro Services Center-ITT Corporation is also a subsidiary of Goulds Pump Inc., doing business in Denham Springs.

14.

The ITT Pro Services Center is next door or adjoins Coco Resources.

15.

GOULDS PUMPS, INC., is the owner of the property on which Coco Resources is located and on which ITT Pro Services Center is located.

16.

The fire was not extinguished until after 8 p.m. that night and continued to smolder through the night.

17.

The fire created a visual plume that was visible from a great distance.

18.

The winds during the release swept from west to east and were predominantly west northwest and east northeast and steered the plume.

3

19.

The wind speeds were between 5 and 10 mph during relevant times.

20.

The fires, explosions and plume forced evacuations from homes and businesses in the affected area.

21.

Individuals present in the effected vicinage of the release were never warned of the dangers associated with the chemicals.

22.

The class seeks certification of the issue of fault.

23.

**CAUSES OF ACTION**

**AS OWNER CUSTODIAN**

At the time of the March 30, 2010, release, Defendant(s) owned, operated, managed, and had custody and/or control of the chemicals pursuant to La. C.C. arts. 2317 and/or 2322.

24.

On March 30, 2010, the release was caused by improper handling of combustible materials and/or substances.

25.

Prior to March 30, 2010, Defendant(s) knew or should have known that the improper handling of combustible materials may cause containers to pressurize beyond the capacity of such containers and release dangerous chemicals at levels potentially fatal to anyone who encountered the fumes and for a structural failure, which constitutes wanton and/or reckless conduct and that should an ignition source be present - subsequent fires/explosion/combustion.

26.

The propensity for a fire or explosion when heating containers of combustible materials constituted a vice or defect pursuant to La. C.C. 2322 and/or 2317.

4

27.

Even when conducted according to modern and approved methods and with reasonable care, transportation and/or handling of these hazardous chemicals presented a risk of harm or peril to others.

28.

Defendants made a business decision to take such risk(s).

29.

Defendant(s) knew or were substantially certain that if at any time a release occurred numerous persons could be exposed to dangerous chemicals and/or noxious fumes and that there was a significant probability of a release where heat is used on combustible materials.

30.

The chemical released was flammable or combustible.

31.

Defendant knew or should have known that ignition source(s) would be present within the immediate area where the heating of the container(s) took place, yet failed to warn or take proper precautions to vent or relieve pressure.

32.

The released chemicals serve as irritants and strong oxidizers and are otherwise harmful to human health and the environment.

33.

Transportation, handling and storage of combustible chemicals constituted possession of a product possessing a vice or defect within the care and custody of the Defendants pursuant to La. C.C. arts. 2317 and/or 2322.

34.

**INCONVENIENCE**

The smoke, ash, toxic and/or noxious and/or hazardous fumes emanating from the facility during and in the aftermath of the fires/explosions constitute an inconvenience to those persons within the effected vicinage pursuant to La. C.C. arts. 667, *et seq.*

35.

As set forth herein, plaintiffs and the proposed class live, work and go to school adjacent to the area where the fires and explosions took place.

36.

Emissions and releases from the facilities exposed the plaintiffs, the proposed class and their property to inconvenience.

37.

**NEGLIGENCE**

The negligent release on March 30, 2010, constituted fault pursuant to La. C.C. arts. 2315, and 2317 and/or 2322.

38.

The transportation and/or handling of hazardous chemicals complained of herein presented a risk of harm or peril to others, even when conducted according to modern and approved methods and with the exercise of reasonable care.

39.

Defendant(s) knew of or should have foreseen the risk of harm to others when and if a release occurred; yet, it took no precautions to reduce the risk of harm.

40.

Defendant(s) maintained no system to warn or to protect the health and property in the vicinage of its property in the event of an incident such as that which occurred on March 30, 2010.

41.

Defendant(s) maintained no system to monitor or to protect the health and property in the vicinage of its property in the event of an incident such as that which occurred on March 30, 2010.

42.

**RES IPSA LOQUITUR**

The events described herein do not generally occur in the absence of negligence. Plaintiffs specifically plead the doctrine of *res ipsa loquitur* and assert that the only explanation for what happened is that Defendant(s) committed a negligent act

6

or omission.

43.

The claims of the proposed class representatives are typical of a cross section of the class and of the claims they seek to represent.

44.

The number of area residents effected by the release of noxious and/or hazardous fumes are estimated to be at least two hundred and so numerous as to make joinder of all of them impracticable.

45.

The actual number of persons who or which will elect to maintain their claims through this litigation will be better established after notification to all putative class members that this action is pending.

46.

Most if not all of the injuries complained of herein were suffered within the jurisdiction of this Court.

47.

The questions of law and fact arising out of claims made by the plaintiffs herein, individually, and on behalf of the proposed class are common and include but are not limited to establishing the allegations of facts found below, which are common to the proposed class.

48.

At the time of the fire, Gould Pumps and/or Coco Resources owned, operated, managed, and had custody and/or control of the facility pursuant to La. C.C. arts. 2317 and/or 2322.

49.

The events described herein do not generally occur in the absence of negligence. Plaintiffs specifically plead the doctrine of *res ipsa loquitur* and assert that the only explanation for what happened is that Coco Resources committed a negligent act or omission.

7

50.

The above described acts and omission of Coco Resources constitute a wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

51.

Defendants are responsible for the injuries and damages suffered by plaintiffs and the proposed class as a result of the following non-exclusive list of acts and/or omissions that caused damages:

a. Failure to discover and thereafter ignoring the release of various hazardous and toxic chemicals into the surrounding area;

b. Failure to act reasonably in preventing various hazardous and toxic chemicals from being released;

c. Failure to purchase, acquire, or maintain the appropriate equipment to prevent the release of hazardous and toxic chemicals;

d. Having care, custody, and control of hazardous and toxic substances and failing to take appropriate precautions to keep persons in the vicinity from being exposed to those dangerous materials;

e. Violation of applicable health and safety codes;

f. Failure to take proper and adequate precautions for the safe handling of hazardous and toxic chemicals;

g. Failure to use, provide, or require the appropriate equipment or take other appropriate precautions to minimize and/or eliminate the potential of exposure to the plaintiffs and proposed class;

h. Failure to provide timely notice and warning of the discharge and release of dangerous and hazardous chemicals into the atmosphere to the Denham Springs, Louisiana, communities;

i. Failure to take proper safety precautions;

j. Handling hazardous and toxic materials with reckless disregard for the safety of the inhabitants of the area affected by the release;

k. Wanton disregard for the well being of the inhabitants of the area

8

affected by the release of hazardous chemicals;

l. Failing to take appropriate action to avoid or mitigate the incident;

m. Handling toxic materials with reckless disregard for the safety of the inhabitants of the area;

n. Wanton disregard for the well being and safety of the inhabitants of the area;

o. In acting in a careless and negligent manner, in the maintenance and/or operation of the processing of chemicals without due regard for the safety of others.

p. Failure on the part of the defendant to study and provide adequate means whereby the possibility of release and/or escape of toxic chemicals from their facility into the vicinity could be detected, prevented and/or abated to protect or warn occupants in the vicinity.

q. Failure on the part of the defendant to detect the likelihood of release and/or discharge of toxic chemicals and/or to implement policies prescribed to prevent or minimize the risk of the injury due to the release and/or escape of toxic chemicals.

r. Failure to warn persons of dangerous conditions existing on their premise(s) of which they had knowledge;

s. Allowing an unreasonably dangerous condition to exist on their premise(s) when they knew or should have known that persons would be exposed thereto; and

t. Operating a business under such conditions that exposes persons to unreasonable danger and/or inconvenience.

52.

### CLASS ACTION IS SUPERIOR

Many of the witnesses and much of the evidence supporting plaintiffs' claims may be found within the jurisdiction of this Court.

53.

Concentrating this litigation in one forum will aid with judicial economy and

9

efficiency and promote parity among the claims of individual class members as well as judicial consistency.

54.

Plaintiffs will fairly and adequately represent and protect the interest of all members of the described class. Plaintiffs have retained attorneys highly experienced in the prosecution of class actions, including complex product liability litigation, and mass accident class actions, to represent the class members herein.

55.

The common facts to be established herein are applicable to certain theories of law, which validate the liability of Defendant(s) to the class.

56.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of the class is impracticable. Where most of the claims to be asserted herein are small, even if each class member could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.

57.

Individual litigation magnifies the delay and expense to all parties in the court system in the resolution of the controversies engendered by Defendant(s). By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of skill, and effort, and comprehensive supervision by a single court.

58.

Accordingly, class certification is appropriate under Louisiana Code of Civil Procedure articles 591, *et. seq.*, and the class action vehicle is the superior method for handling this litigation.

59.

**DAMAGES**

As a result of the above described release of toxic and hazardous chemicals, the proposed class members have suffered the following injuries which are described in

10

the following non-exclusive list of particulars:

a. Past, present, and future hospital, doctor, prescription drug, physical therapy, and other related medical expenses;

b. Aggravation of pre-existing medical condition(s);

c. Pain and suffering;

d. Emotional and psychological distress;

e. Other past, present and future physical and mental pain and suffering, anguish and anxiety;

f. Temporary disability;

g. Past lost wages;

h. Business interruption and business losses;

i. Future lost wages and diminished earnings capacity;

j. Inconvenience and cleaning expenses;

k. Property damage;

l. Damage and loss of pets and/or livestock;

m. Fear of cancer and other significant health problems;

n. Loss of enjoyment of life;

o. Loss of consortium;

p. Loss of ability to care for themselves; and

q. Any other such damage claim or damage action as may be cognizable under law and/or Chapter III of Title V of Book III of the Louisiana Civil Code and related revised statutes and/or the Admiralty Act including, but not limited to, punitive damages.

WHEREFORE plaintiffs on behalf of themselves and all those similarly situated pray that defendants, GOULDS PUMPS INDUSTRIAL PRODUCTS, INC.; GOULDS PUMPS, INC.; and COCO RESOURCES, INC. be cited to appear and answer for the wrongs to plaintiffs and to all others similarly situated as described herein, that this action be certified for class action proceedings, that plaintiffs be properly noticed of all hearings and dates, and that after due proceedings herein that defendant be cast

11

in judgment unto plaintiffs for damages, cost, interest, and attorney fees as may be allowed by law under any theory of law as expressly pled herein or as may be applicable to the facts pled herein or as they may develop and be presented during the trial of this matter.

Respectfully submitted:

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

SERVICE INFORMATION:

GOULDS PUMPS INDUSTRIAL PRODUCTS, INC.
GOULDS PUMPS, INC.
Through its registered agent
CT Corporation System
5615 Corporate Blvd, Ste. 400-B
Baton Rouge, La 70808

COCO RESOURCES, INC.
Through its registered agent
John Henry Coco
14257 Addington
Baton Rouge, La. 70816

12

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this _____ 20___
Deputy Clerk of Court

| | |
|---|---|
| NATHALAN PERKINS; | NO. 129676 DIVISION |
| GILLIS JENKINS; AND | |
| ALL OTHER SIMILARLY | |
| SITUATED PERSONS | |
| | 21st JUDICIAL DISTRICT |
| v. | |
| GOULDS PUMPS INDUSTRIAL PRODUCTS, INC. | |
| GOULDS PUMPS, INC. | LIVINGSTON PARISH |
| D/B/A COCO RESOURCES, INC. | |
| COCO RESOURCES, INC. | STATE OF LOUISIANA |

**PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO CERTIFY A CLASS ACTION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, who respectfully represent that they and all similarly situated persons have sustained compensable damages caused by the acts and omissions of Defendant(s) and other such parties as may be identified during discovery, or for which Defendant(s) is legally responsible, who respectfully move this Court to certify the issue of fault for class action treatment pursuant to La. C.C.P. Article 591, et seq. Until a more precise determination is made of the geographical area affected by the release, petitioners allege that:

1.

Pursuant to La. C.C.P. art. 591 (A) and 592 (A) this action may be certified as a class defined as follows:

THE CLASS:

The proposed class consists of all persons who or which on March 30, 2010, were residents and/or property and/or business owners in the effected vicinity in Livingston Parish and who or which experienced fear and fright with property damages and/or physical discomfort and/or evacuation or other damages including damages to animals as a result of the fire at the Coco Resources and ITT Pro Services Facilities.

2.

The class consists of all persons located or employed in the community of Denham Springs and the surrounding area who sustained property damages, personal injuries, emotional, mental, economic or nuisance damages as a result of the incident on March 30, 2010, and who claim legally compensable damages.

3.

The parties may submit a joint case management order to the Court, which may allow for prehearing discovery and other proceedings related to class certification including a briefing schedule. A hearing need not be set at this time.

4.

Pursuant to La. C.C.P. art. 592 a motion to certify may be filed within ninety days of service on all adverse parties.

5.

Plaintiff herein as representatives of a class seek to have this litigation certified for class action proceedings based on the incident described herein.

6.

Persons proposed to be class representatives may be identified pursuant to La. C.C.P. art 592 (A)(3)(ii).

7.

The claims of the proposed class representatives, to be announced in subsequent pleadings, shall be typical of a cross section of the class and of the claims they seek to represent.

8.

The number of area residents effected by the emission are estimated to be at least one thousand and so numerous as to make joinder of all of them impracticable.

9.

The actual number of persons who or which will elect to maintain their claims through this litigation will be better established after notification to all putative class members that this action is pending.

10.

Most if not all of the injuries complained of herein were suffered within the jurisdiction of this Court.

11.

The questions of law and fact arising out of claims made by the plaintiffs herein, individually, and on behalf of the proposed class are common and include but are not

limited to establishing the allegations of facts found below, which are common to the proposed class.

12.

The cause of the release is generally known; however, sufficient information regarding the nature and concentrations, distances and direction of chemical substance(s) released into the air are presently unknown and subject to discovery.

13.

The evidence and facts necessary to answer these questions are common to all claims of all actions filed to date.

14.

With regard to liability for the release, common questions of law and fact are present.

15.

When a "common character" of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device:

    1. effectuating substantive law;

    2. judicial efficiency; and

    3. individual fairness.

16.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of the class is impracticable. Where most of the claims to be asserted herein are small, even if each class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.

17.

Individual litigation magnifies the delay and expense to all parties in the court system in the resolution of the controversies engendered by defendant. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of skill, and effort, comprehensive

3

supervision by a single court.

18.

Accordingly, class certification is appropriate under Louisiana Code of Civil Procedure articles 591, et. seq., and the class action vehicle is the superior method for handling this litigation.

19.

CLASS ACTION IS SUPERIOR:

Many of the witnesses and much of the evidence supporting plaintiffs' claims may be found within the jurisdiction of this Court.

20.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

21.

Plaintiffs' will fairly and adequately represent and protect the interest of all members of the described class. Plaintiffs have retained attorneys highly experienced in the prosecution of class actions, including complex product liability litigation, and mass accident class actions, to represent the class members herein.

22.

The common facts to be established herein are applicable to certain theories of law, which validate the liability of defendant to the class.

23.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of the class is impracticable. Where most of the claims to be asserted herein are small, even if each class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.

24.

Individual litigation magnifies the delay and expense to all parties in the court system in the resolution of the controversies engendered by defendant. By contrast,

4

the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of skill, and effort, comprehensive supervision by a single court.

25.

Accordingly, class certification is appropriate under Louisiana Code of Civil Procedure articles 591, et. seq., and the class action vehicle is the superior method for handling this litigation.

26.

The Defendant may deny and continue to deny any liability for any damages claimed by the class representatives.

27.

Importantly, notification that a class was certification would be relatively simple. A notice may be posted in the local community and it may be locally published. Additionally, the list of who was present in the vicinage may be obtained through relatively little expense by direct mail to the last known address of each person.

28.

This action is proper for class action proceedings.

Wherefore, the parties pray that after a status conference herein that a *Case Management Order* be issued to facilitate discovery and a hearing be set at which time this Court may consideration of the evidence submitted that this Court certify a class, appoint the class representatives, define the class, issue class notice.

### ORDER

CONSIDERING THE FOREGOING a status conference shall be held on the ___ day of _____, 2010, at _____ o'clock.

Signed in chambers this 5 day of April, 2010, Livington, Louisiana.

S/ERNEST G. DRAKE JR.
_____
Judge, 21st Judicial District

Respectfully submitted:

*[signature]*

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

SERVICE INFORMATION:

GOULDS PUMPS INDUSTRIAL PRODUCTS, INC.
GOULDS PUMPS, INC.
Through its registered agent
CT Corporation System
5615 Corporate Blvd, Ste. 400-B
Baton Rouge, La 70808

COCO RESOURCES, INC.
Through its registered agent
John Henry Coco
14257 Addington
Baton Rouge, La. 70816

6